1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiff*
   *Guru Denim, Inc.*
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 GURU DENIM, INC., a California        ) CASE NO. CV 09-08779 RGK (JEMx)
   Corporation,                          )
12                                       )
                              Plaintiff, ) [**PROPOSED**] **ORDER GRANTING**
13       vs.                             ) **CONSENT JUDGMENT**
                                         ) **INCLUDING A PERMANENT**
14 NINA ROSSI, INC., a California        ) **INJUNCTION AND VOLUNTARY**
   Corporation; JACOB ZOKAEIM, an        ) **DISMISSAL WITH PREJUDICE**
15 individual; LINCHUN LIU, an individual ) **OF DEFENDANTS PERUZZO**
   dba LIUCES; AKM S. ALAM, an           ) **ENTERPRISES, INC. AND**
16 individual dba IBNAT FASHION;         ) **ALBERT AFTALION**
   SHULAMITH HAMUDOT, an individual      )
17 dba SHAREN FASHION; PERRUZO           )
   ENTERPRISES, INC., a California       ) **JS-6 as to this defendant**
18 Corporation; ALBERT AFTALION, an      )
   individual; Q-IMAGE COLLECTION, an    )
19 unknown business entity; KAMYAR       )
   PENHASI, an individual dba JEAN       )
20 JACKET CLOTHING; and DOES 1-10,       )
   inclusive,                            )
21                                       )
                              Defendants )
22                                       )

23      WHEREAS Plaintiff Guru Denim, Inc. ("Coach") and Defendants Peruzzo
24 Enterprises, Inc. and Albert Aftalion ("Defendants") have entered into a Settlement
25 Agreement and Mutual Release as to the claims in the above referenced matter.
26 Defendants, having agreed to consent to the below terms, it is hereby:
27      **ORDERED, ADJUDGED, and DECREED** ONLY as among the parties
28 hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff is the owner of the trademark registrations for word mark "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797) as well as various composite trademarks comprising said word marks and assorted design components (collectively "True Religion Marks").

3. Amongst the many True Religion Marks, one of the most well-known and recognized marks is the "U" Design. True Religion has used the "U" Design in association with the sale of goods, including jeans, jackets, and shorts, since as early as 2002. The "U" Design was first registered at the U.S Patent and Trademark office in 2006. Since then, True Religion has used various composites and variations of the "U" Design on its goods, most of which have been registered with the United States Patent and Trademark Office. Registrations for the "U" Designs include, but are not limited to U.S. Reg. Nos. 3,561,466; 3,147,244; 3,482,001; and 3,568,127.

4. Plaintiff has alleged that Defendants' purchase and sale of products which infringe upon Plaintiff's "U" Design constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law.

5. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the "U" Design or any of Plaintiff's True Religion Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the True Religion Marks, or marks confusingly similar or substantially similar to the True Religion Marks, and, specifically from:

      (a)    Using the "U" Design or any of Plaintiff's True Religion Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise that are not genuine True Religion products, or in any manner likely to cause others to believe that Defendants' products are connected with True Religion or the True Religion Marks;

      (b)    Passing off, inducing or enabling others to sell or pass off any products or other items that are not True Religion's genuine merchandise as and for True Religion's genuine merchandise;

      (c)    Enter into a lease with a tenant who Defendants know, without duty of inquiry, to be engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, or marketing of Infringing Products.

      (d)    Committing any other acts calculated to cause purchasers to believe that Defendants' products are True Religion's genuine merchandise unless they are such;

      (e)    Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the True Religion Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

      (f)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

6.    Without any admission of liability, the parties have agreed that Defendants shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendants' alleged infringing activities. Plaintiff and Defendants shall bear their own costs associated with this action.

3

STIPULATION TO PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL WITH PREJUDICE OF
DEFENDANTS PERUZZO ENTERPRISES, INC. AND ALBERT AFTALION

7. The execution of this Final Judgment by Counsel for the parties shall serve to bind and obligate the parties hereto.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendants Perruzo Enterprises, Inc. and Albert Aftalion.

**IT IS SO ORDERED.**

DATED: April 1, 2010

_____
Hon. R. Gary Klausner
**United States District Judge**