Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Guru Denim, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation,<br><br>               Plaintiff,<br>     vs.<br><br>NINA ROSSI, INC., a California Corporation; JACOB ZOKAEIM, an individual; LINCHUN LIU, an individual dba LIUCES; AKM S. ALAM, an individual dba IBNAT FASHION; SHULAMITH HAMUDOT, an individual dba SHAREN FASHION; PERRUZO ENTERPRISES, INC., a California Corporation; ALBERT AFTALION, an individual; Q-IMAGE COLLECTION, an unknown business entity; KAMYAR PENHASI, an individual dba JEAN JACKET CLOTHING; and DOES 1-10, inclusive,<br><br>               Defendants | CASE NO. CV 09-08779 RGK (JEMx)<br><br>**[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL WITH PREJUDICE OF DEFENDANT KAMYAR PENHASSI dba JEAN JACKET CLOTHING**<br><br>**JS-6 as to this defendant** |

WHEREAS Plaintiff Guru Denim, Inc. ("Coach") and Defendant Kamyar Penhassi dba Jean Jacket Clothing ("Defendant") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** ONLY as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff is the owner of the trademark registrations for word mark "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797) as well as various composite trademarks comprising said word marks and assorted design components (collectively "True Religion Marks").

3. Amongst the many True Religion Marks, one of the most well-known and recognized marks is the "U" Design. True Religion has used the "U" Design in association with the sale of goods, including jeans, jackets, and shorts, since as early as 2002. The "U" Design was first registered at the U.S Patent and Trademark office in 2006. Since then, True Religion has used various composites and variations of the "U" Design on its goods, most of which have been registered with the United States Patent and Trademark Office. Registrations for the "U" Designs include, but are not limited to U.S. Reg. Nos. 3,561,466; 3,147,244; 3,482,001; and 3,568,127.

4. Plaintiff has alleged that Defendant's purchase and sale of products which infringe upon Plaintiff's "U" Design constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law.

5. Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the "U" Design or any of Plaintiff's True Religion Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the True Religion Marks, or marks confusingly similar or substantially similar to the True Religion Marks, and, specifically from:

(a) Using the "U" Design or any of Plaintiff's True Religion Marks or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise that are not genuine True Religion products, or in any manner likely to cause others to believe that Defendant's products are connected with True Religion or the True Religion Marks;

(b) Passing off, inducing or enabling others to sell or pass off any products or other items that are not True Religion's genuine merchandise as and for True Religion's genuine merchandise;

(c) Enter into a lease with a tenant who Defendant knows, without duty of inquiry, to be engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, or marketing of Infringing Products.

(d) Committing any other acts calculated to cause purchasers to believe that Defendant's products are True Religion's genuine merchandise unless they are such;

(e) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the True Religion Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(f) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

6. Without any admission of liability, the parties have agreed that Defendant shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendant's alleged infringing activities. Plaintiff and Defendant shall bear their own costs associated with this action.

7. The execution of this Final Judgment by the parties shall serve to bind and obligate the parties hereto.

8. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Kamyar Penhasi dba Jean Jacket Clothing.

**IT IS SO ORDERED.**

DATED: April 1, 2010

_____

Hon. R. Gary Klausner
**United States District Judge**